UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CASE NO. 08-0298

IN-RE: JAMES C. ANDERSON
        PETITIONER

V.

UNITED STATES OF AMERICA ET., AL

MOTION: LOCAL RULE.59(E) MOTION FOR RECONSIDERATION

08-298 RMC

-REQUEST FOR RELIEF-

PETITIONER DOES HERE-BY REQUEST THIS COURT TO ORDER VACATION OF ITS MARCH 31, 2008 ORDER DENYING HIS PRELIMINARY INJUNCTION APPLICATION AND TO CAUSE DEFENDANT F.D.A. TO IMMEDIATELY CONDUCT REQUESTED STUDY, THIS 11TH DAY OF APRIL 2008.

- SUPPORTING FACTS AND ARGUMENT -

THIS COURT HAS CITED CURABLE DEFECTS IN PRO-SE PETITIONER'S CLASS ACTION 1983 COMPLAINT APPLICATION FOR PRELIMINARY INJUNCTION AND ORDERED ITS DENIAL.

PETITIONER DID ATTACH AFFIDAVIT REGARDING RIGHT TO SUE LETTER SERVED ON DEFENDANT'S ATTORNEY TO HIS 1983 COMPLAINT DEMONSTRATING SIDE EFFECTS HE AND HIS CLASS DID EXPERIENCE AFTER TAKING PRESCRIBED DOSES OF DEFENDANT'S PRODUCT.

RECEIVED
APR 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

P.(1)

IN GLOVER V. JOHNSON, 139 F.3D 229,252 (6TH CIR. 1998)(WHERE PRISONERS BRING SUIT TO ENFORCE INJUNCTION AND PRISON DROPS APPEAL PRISONERS ARE PREVAILING PARTIES AND ARE ENTITLED TO FEES);

PETITIONER AND HIS CLASS HAVE SUFFERED SUBSTANTIAL PRISON SENTENCES AND ARE ON DEATH ROW AND ALSO COMMITTED SUICIDE AFTER BEING TREATED FOR MANIC DEPRESSION BY USE OF DEFENDANT'S PRODUCT, AND OTHER IRREPARABLE HARM, AS WELL.

PETITIONER ARGUES THAT A CLINICAL STUDY WOULD SETTLE HIS CLASSES SUSPICIOUS THAT LEXI-PRO CAUSED ABOVE RADICAL BEHAVIOR.

PETITIONER ARGUES THAT IF HIS CLASSES SUSPICIONS PROVES TO BE TRUE, CLINICAL DATA COLLECTED FROM STUDY WILL BE RESOURCEFUL IN SECURING WARNING LABEL RELIEF, AND WILL NOT HARM PUBLIC INTEREST.

-CONCLUSION-

CLASS IS CLEARLY ENTITLED TO PRELIMINARY RELIEF.

-28 U.S.C. §1746-

PETITIONER SWEARS UNDER PENALTY OF PERJURY ABOVE DATA IS TRUE AND CORRECT APRIL 11, 2008.

—CERTIFICATE OF SERVICE—

PETITIONER SENT COPY OF THIS DOCUMENT TO DEFENDANTS' ATTORNEY APRIL 11, 2008 BY U.S. MAIL.

| | |
|---|---|
| U.S. ATT. GEN. | PETITIONER |
| MICHAEL MUKASEY | JAMES C. ANDERSON |
| 950 PENNSYLVANIA AVE. N.W. | # 0468236 |
| WASHINGTON D.C. | P.O. BOX 129 |
| 20530-0001 | WINDSOR N.C. |
| | 27983 |

SIGNED X James C Anderson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 0 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| James Christopher Anderson,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>United States of America *et al.*,  )<br>  )<br>  Defendants.  )  | Civil Action No. 08-0298 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's motion for a preliminary injunction submitted with his prison trust fund account statement. Plaintiff, a prisoner in Windsor, North Carolina, seeks an order to compel the Food and Drug Administration ("FDA") to conduct a study of the potential "link between sudden fits of rage and manic depressant out-patients being treated with regular dosages of Lexa-Pro anti-depressant drug" and to provide him with the results. Mot. at 1.

To prevail on a motion for a preliminary injunction, plaintiff must demonstrate (1) that he is substantially likely to succeed on the merits of the suit, (2) that, without the injunction, he would suffer irreparable harm for which there is no adequate legal remedy, (3) that the injunction would not substantially harm other parties, and (4) that the injunction would not substantially harm the public interest. *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1505-06 (D.C. Cir. 1995). Plaintiff has not addressed any of the foregoing factors. Rather, he appears to seek such research to assist him with prosecuting the complaint, which is premised on the FDA's alleged approval of the drug Lexapro without adequate warning labels about

potential side effects. The motion provides no basis for granting the extraordinary relief of a preliminary injunction. Accordingly, it is

ORDERED that plaintiff's motion for a preliminary injunction is DENIED.

Date: March 31st, 2008

*[signature]*
United States District Judge