UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CHRISTOPHER ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 08-0298 (RCL) |
| ) | |
| UNITED STATES OF AMERICA, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### **THE FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff James Christopher Anderson (the "Plaintiff"), a prisoner appearing <u>pro se</u>, has brought this lawsuit pursuant to 42 U.S.C. § 1983 against the United States, George W. Bush, the United States Food and Drug Administration (the "FDA") and the Secretary of the FDA (collectively, the "Federal Defendants")[1] to recover $100,000,000 for injuries that he allegedly sustained as a result of taking the prescription drug Lexapro. Plaintiff's § 1983 claim is premised on the FDA's alleged approval of Lexapro for human consumption with an inadequate warning label. As explained in the attached Memorandum of Points and Authorities, Plaintiff has failed to state a viable claim under § 1983. Moreover, even if Plaintiff's Complaint were read (extremely) liberally as asserting claims against the Federal Defendants pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Food, Drug and Cosmetic Act, 21 U.S.C. § 301 <u>et seq.</u>, and the Federal Tort Claims Act, 28 U.S.C. § 2671 <u>et seq.</u>, it would still fail to state a viable claim for relief. Thus, the Federal Defendants

---

[1] Plaintiff also names as defendants an "unknown pharmaceutical manufacturer" and the chief executive officer of the "unknown pharmaceutical manufacturer." Those "unknown" defendants are non-governmental and, thus, are not represented by the undersigned counsel. According to the Court's electronic docket, neither of the "unknown" defendants has been served with Plaintiff's Complaint.

respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint. A proposed order is attached hereto.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, D.C. BAR #498610
        United States Attorney

        /s/
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney

        /s/
        CHRISTOPHER B. HARWOOD
        Assistant United States Attorney
        555 Fourth St., N.W.
        Washington, D.C.  20530
        Phone: (202) 307-0372
        Fax: (202) 514-8780
        Christopher.Harwood@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES CHRISTOPHER ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 08-0298 (RCL) |
| | ) | |
| UNITED STATES OF AMERICA, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff James Christopher Anderson (the "Plaintiff"), a prisoner appearing <u>pro se</u>, has brought this lawsuit pursuant to 42 U.S.C. § 1983 against the United States, George W. Bush, the United States Food and Drug Administration (the "FDA") and the Secretary of the FDA (collectively, the "Federal Defendants")[1] to recover $100,000,000 for injuries that he allegedly sustained as a result of taking the prescription drug Lexapro.[2] (Compl. at 1-4.)[3] Plaintiff alleges that he was prescribed Lexapro to treat his "chronic depression," but that the drug's "unknown side effects caused [him to experience] a violent uncontrollable rage [that] result[ed] in [a] . . . one-week armed robbery spree." (<u>Id.</u> at 3.) Plaintiff's § 1983 claim against the Federal Defendants is premised on the FDA's alleged "approv[al]" of Lexapro "for human consumption"

---

[1] Plaintiff also names as defendants an "unknown pharmaceutical manufacturer" and the chief executive officer of the "unknown pharmaceutical manufacturer." (Compl. at 2.) Those "unknown" defendants are non-governmental and, thus, are not represented by the undersigned counsel. According to the Court's electronic docket, neither of the "unknown" defendants has been served with Plaintiff's Complaint.

[2] Lexapro is a prescription medication that treats depression and generalized anxiety disorder. <u>See</u> http://www.lexapro.com/about_lexapro/what_is.aspx.

[3] Plaintiff drafted his Complaint on a "form to be used by prisoners in filing a complaint under the civil rights act, 42 U.S.C. § 1983." (Compl. at 1.) The Complaint does not mention a basis for this lawsuit other than § 1983.

with an inadequate warning label that failed to "warn consumers of [the drug's] potential side effects." (Id.) (See Apr. 2, 2008 Mem. Op. & Order (Docket No. 6) at 1-2 ("[T]he complaint . . . is premised on the FDA's alleged approval of the drug Lexapro without adequate warning labels about potential side effects.").)

Plaintiff's § 1983 claim against the Federal Defendants fails because § 1983 does not provide him with a right of action to sue the FDA or any government official in connection with the FDA's approval of Lexapro (or its warning label). Moreover, even if Plaintiff's Complaint were read (extremely) liberally as asserting claims against the Federal Defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Food, Drug and Cosmetic Act (the "FDCA"), 21 U.S.C. § 301 et seq., and the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671 et seq., it would still fail to state a viable claim for relief.[4] First, any claim under Bivens would fail because the Complaint does not allege facts showing that any individual Federal Defendant personally participated in the alleged misconduct on which this lawsuit is based—the FDA's approval of Lexapro for human consumption with an inadequate warning label. Second, any claim under the FDCA would fail because the FDCA (which regulates, inter alia, the approval of new drugs for sale within the United States, and which prohibits false or misleading labeling) does not confer a private right of action to enforce its provisions. And, third, any claim under the FTCA would fail because Plaintiff has not exhausted his administrative remedies under that statute.

---

[4] Although Plaintiff's Complaint does not assert claims arising under Bivens, the FDCA or the FTCA, complaints filed by pro se litigants are to be construed liberally. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Thus, the Federal Defendants will assume for purposes of the instant motion that Plaintiff intended to assert not only a claim arising under § 1983, but also claims arising under Bivens, the FDCA and the FTCA.

**LEGAL STANDARDS**

The Federal Defendants seek the dismissal of Plaintiff's § 1983 claim and any implied claims for relief under Bivens and the FDCA pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for the dismissal of a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences therefrom in the plaintiff's favor. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994). Moreover, a court must "liberally construe" a complaint (like the Complaint at issue here) that has been filed by a party proceeding pro se. Erickson, 127 S. Ct. at 2200. Nevertheless, to survive a motion to dismiss, "'[a] pro se complaint, like any other, must present a claim upon which relief can be granted by the court.'" Henthorn, 29 F.3d at 684 (quoting Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)). "And, liberal as [the above] pleading standards may be, [a] court 'need not accept inferences . . . [that] are unsupported by the facts set out in the complaint. Nor must [a] court accept legal conclusions cast in the form of factual allegations.'" Id. (quoting Kowal v. MCI Commc'ns. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

The Federal Defendants seek the dismissal of any implied claim for relief under the FTCA pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that this Court lacks subject-matter jurisdiction over such a claim. Federal courts are courts of limited jurisdiction and must dismiss claims over which they lack subject-matter jurisdiction. Greene v. Nguyen, No. 05-0407, 2005 WL 3275897, at *1-*2 (D.D.C. Sept. 7, 2005). The party seeking to invoke the jurisdiction of a federal court bears the burden of establishing the court's subject-matter

jurisdiction.  Id. at *2; see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  In deciding a motion to dismiss for lack of subject-matter jurisdiction, a court is not limited to the allegations contained in the complaint; it may consider materials outside the pleadings.  Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Greene, 2005 WL 3275897, at *2.

## ARGUMENT

### A.   Plaintiff's § 1983 Claim Fails Because It Challenges the Conduct of Federal Officials Acting Under Federal Law

As stated above, Plaintiff has brought this action against the Federal Defendants pursuant to § 1983 to recover for injuries that he purportedly sustained due to the FDA's alleged "approv[al]" of Lexapro "for human consumption" with an inadequate warning label.[5]  (Compl. at 3; see Apr. 2, 2008 Mem. Op. & Order (Docket No. 6) at 1-2.)  Section 1983 authorizes suit against persons

> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subject[], or cause[] to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

42 U.S.C. § 1983 (emphasis added).  In approving Lexapro for human consumption with an allegedly defective warning label, the FDA, through its officials, acted under federal law (i.e., the FDCA), not the law "of [a] State or Territory or the District of Columbia."  See 21 U.S.C. § 355

---

[5] In the Complaint, Plaintiff asserts, in wholly conclusory fashion, that there existed a "conspiracy" pursuant to which Lexapro was approved for human consumption without an adequate warning label.  (Compl. at 3.)  However, any conspiracy-based claim that Plaintiff may have intended to assert in the Complaint necessarily fails because Plaintiff has not pleaded any facts that support the essential element of a conspiracy claim—the existence of an actual agreement between two or more persons to commit an unlawful act.  See McManus v. District of Columbia, 530 F. Supp. 2d 46, 74 (D.D.C. 2007) ("To survive a motion to dismiss . . . , a plaintiff must set forth more than just conclusory allegations of an agreement."); McCreary v. Heath, No. 04-0623, 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005) (same).  Indeed, Plaintiff's Complaint is entirely devoid of allegations indicating that there was an agreement between two or more of the defendants to approve Lexapro for human consumption with inadequate safety warnings.

4

(establishing standards governing the FDA's approval of new drugs "for introduction into interstate commerce"); see also Billips v. Eli Lilly & Co., No. 07-114, 2007 WL 2332544, at *1 (E.D.N.Y. Aug. 15, 2007) ("[The] FDA is a federal agency acting pursuant to federal law, rather than the statutes or customs of any of the fifty states." (emphasis in original)); Vermont v. Leavitt, 405 F. Supp. 2d 466, 473 (D. Vt. 2005) ("The FDCA creates a 'closed' system in which the FDA regulates the manufacture, marketing and labeling of drugs sold in the United States."). Because Plaintiff's § 1983 claim challenges the conduct of federal officials acting under federal law, it fails to state a claim upon which relief can be granted.[6] See Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("Section 1983 does not apply to federal officials acting under color of federal law."); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) (concluding that "[t]here is no valid basis for a claim under section 1983 [because the plaintiff's] allegations are against federal officials acting under color of federal law.").

     **B.**    **Plaintiff's Complaint Fails to State a Claim Under Bivens**

To the extent that Plaintiff's Complaint can be read as asserting a claim against the individual Federal Defendants under Bivens, it likewise fails to state a claim upon which relief can be granted. Under Bivens, a plaintiff may bring a civil action for money damages against a federal official in his individual capacity for a violation of the plaintiff's constitutional rights. 403 U.S. at 389. However, to state a viable Bivens claim, the plaintiff must allege facts showing that "the defendant federal official was personally involved in the illegal conduct." Simpkins v.

---

[6] Plaintiff's § 1983 claim also fails because he does not identify a right conferred by the United States Constitution or a federal statute of which he was deprived. See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979) (noting that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes"); Williams v. Savage, 538 F. Supp. 2d 34, 43 (D.D.C. 2008) ("To maintain a claim under § 1983, . . . the plaintiffs must allege a violation of a constitutional or federal right.").

5

District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997); see Cameron v. Thornburgh, 983 F.2d 253, 257-58 (D.C. Cir. 1993) (Bivens claims cannot rest merely on the theory of respondeat superior).  Here, any Bivens claim that Plaintiff may have intended to assert against the individual Federal Defendants—President Bush and the Secretary of the FDA—fails because Plaintiff has not alleged any facts showing that either individual Federal Defendant personally participated in the alleged misconduct that forms the basis of his Complaint,[7] i.e., the FDA's approval of Lexapro for human consumption with an inadequate warning label.[8]

### C. Plaintiff's Complaint Fails to State a Claim Under the FDCA

The FDCA regulates, inter alia, the approval of new drugs for sale within the United States, and expressly prohibits false or misleading labeling.  See 21 U.S.C. §§ 331(a)-(d), 352(a), 355(a), (d).  Nothing in the FDCA, however, authorizes a private right of action to enforce its provisions; indeed, the FDCA expressly limits enforcement of its drug-related provisions to suits brought by the United States.  See 21 U.S.C. § 337(a); see also PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1113 (2d Cir. 1997) ("no . . . private right of action exists" under the FDCA); Billips, 2007 WL 2332544, at *1 ("the FDCA confers no private right of action to enforce its terms"); Williams v. Purdue Pharma Co., No. 02-0556, 2003 WL 24259557, at *3 (D.D.C. Feb. 27, 2003) ("[t]he FDCA contains no right of private enforcement").  Thus, even if

---

[7] Nor has Plaintiff identified a constitutional right that the individual Federal Defendants are alleged to have violated.  Furthermore, it does not appear from the Court's electronic docket that either of the individual Federal Defendants was served in his individual capacity.  A failure to perfect individual service would be fatal to any Bivens claim that Plaintiff may have intended to assert.  See Nellis v. Gonzales, No. 06-1704, 2007 WL 1033517, at *2 (D.D.C. Mar. 30, 2007).

[8] Any Bivens claim that Plaintiff may have intended to assert against the FDA fails because a federal agency such as the FDA is not subject to liability under Bivens.  F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).

6

Plaintiff's Complaint were interpreted liberally as asserting a claim against the Federal Defendants under the FDCA, it would still fail to state a viable claim.

### D. This Court Lacks Subject-Matter Jurisdiction Over Any Claim that Plaintiff May Have Intended to Assert Under the FTCA

The United States, its agencies and its officials acting in their official capacities enjoy sovereign immunity from suit, except where there has been an express waiver of such immunity. See United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941); Anderson v. Federal Bureau of Prisons, 506 F. Supp. 2d 28, 29 (D.D.C. 2007). The FTCA provides a limited waiver of the government's sovereign immunity; it grants federal district courts jurisdiction over claims against the United States arising from certain torts committed by federal employees while acting within the scope of their employment.[9] See 28 U.S.C. § 1346(b); Sloan v. Dep't of Housing & Urban Dev., 236 F.3d 756, 759 (D.C. Cir. 2001). However, before a plaintiff may bring a claim pursuant to the FTCA in federal district court, he must first file an administrative claim with the appropriate federal agency. See 28 U.S.C. §§ 2401(b), 2675(a). If a plaintiff brings an FTCA claim in federal district court without first filing an administrative claim with the appropriate federal agency, the district court lacks subject-matter jurisdiction over the claim. See Rasul v. Myers, 512 F.3d 644, 661 (D.C. Cir. 2008); Simpkins, 108 F.3d at 371.

Here, as set forth in the attached declaration of Daretia M. Hawkins (a Staff Attorney in the Office of the General Counsel of the United States Department of Health and Human Services ("HHS")), Plaintiff did not file an administrative tort claim with HHS (the appropriate federal agency) or the FDA (a division of HHS) prior to filing this lawsuit. (See Ex. 1.)

---

[9] A claim under the FTCA can be brought only against the United States; an FTCA claim cannot be brought against government agencies or government officials. See 28 U.S.C. §§ 1346(b), 2679(a).

7

Accordingly, this Court lacks jurisdiction to consider any claim that Plaintiff may have intended to assert pursuant to the FTCA.[10]

## CONCLUSION

For the reasons stated above, this Court should grant the Federal Defendants' Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

---

[10] In the Complaint, Plaintiff asserts that on September 16, 2007, he sent a "right to sue letter complaining [about Lexapro's] warning label," and that "Defendants failed to respond to [that] letter." (Compl. at 2.) In an attachment to the Complaint, Plaintiff states that he "sen[t] [a] right to sue letter to Defendants' attorney [(whom he identified in the attachment as the Attorney General of the United States)] on September 16, 2007 complaining that [Lexapro's] . . . warning label does not fairly notify consumers of [the] drug[']s side [e]ffects." However, nowhere does Plaintiff allege that he filed an administrative tort claim with HHS, the FDA or any other division of HHS. Nor has an administrative tort claim that Plaintiff may have mistakenly filed with a federal agency other than HHS been forwarded to HHS. (See Ex. 1 at ¶¶4-6.)

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 8, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

James C. Anderson
No. 0468236
P.O. Box 129
Windsor, N.C. 27983

               /s/
              Christopher B. Harwood

JEFFREY A. TAYLOR
United States Attorney for the
District of Columbia
By: CHRISTOPHER HARWOOD
Assistant United States Attorney
Judiciary Center
555 Fourth Street, N.W.
Washington, D..C. 20530
Tel: (202) 307-0372
Fax: (202) 307-3569

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------------- x
JAMES CHRISTOPHER ANDERSON                          :
                                                    :
                                                    :
                       Plaintiff,                   :
                                                    :       08 Civ. 00298 (RCL)
           v.                                       :
                                                    :
UNITED STATES OF AMERICA, et al.,                   :
                                                    :
                       Defendants.                  :
-------------------------------------------------------------- x

DECLARATION OF DARETIA M. HAWKINS

     I, Daretia M. Hawkins, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

     1. I am a Staff Attorney in the Office of the General Counsel (OGC), Claims and Employment Law Branch ("CELB"), of the United States Department of Health and Human Services ("HHS"). Among my responsibilities is to evaluate administrative tort claims submitted pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 261-2680, and to make recommendations to the Deputy Associate General Counsel for CELB as to the final disposition

of the claims, pursuant to 28 U.S.C. §§ 2401(b), 2675(a).

2. As such, I have access to agency records relating to the filing, evaluation, and disposition of administrative tort claims presented to HHS under the FTCA. Agency procedures require that all administrative tort claims be submitted to the Claims Office of HHS, OGC for initial investigation. *See* 45 C.F.R. § 35.2(c). Once the Claims Office completes its investigation, the claims are forwarded to the Deputy Associate General Counsel for CELB to render a final decision on the disposition of the claim.

3. As a routine business practice, the Claims Office maintains a record of each such claim, and assigns to each a unique claim number. Each claim is then entered into a database maintained by OGC. The official date of the claim, for purposes of 28 U.S.C. § 2401(b), is the date the claim is received by the Claims Office.

4. I have caused an official search to be conducted of the Claims Office's database, for the filing of an administrative tort claim in relation to the above-referenced case, and have confirmed that the Claims Office has no record that Plaintiff, James Christopher Anderson, filed an administrative tort claim.

5. I have also confirmed that Plaintiff did not file an administrative tort claim directly with the U.S. Food and Drug Administration, which is an operating division of HHS. *See* http://www.hhs.gov/about/index.html#agencies. In addition, OGC has not received a tort claim that Plaintiff may have inadvertently filed with another Federal agency.

6. To the best of my knowledge, information and belief, no administrative tort claim has been filed in relation to the above-referenced case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>July 8, 2008</u> in Washington, D.C.

*Daretia M. Hawkins*
_____
DARETIA M. HAWKINS
Staff Attorney, Claim and Employment Law Branch
Office of the General Counsel
United States Department of Health and Human Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CHRISTOPHER ANDERSON, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>UNITED STATES OF AMERICA, <u>et al.</u>, )<br>  )<br>Defendants. )<br>  ) | Civil Action 08-0298 (RCL) |

### **ORDER**

Having considered the Federal Defendants' Motion to Dismiss Plaintiff's Complaint, and the entire record herein, it is this _____ day of _____, 2008, hereby:

ORDERED that the Federal Defendants' Motion to Dismiss is GRANTED.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Copy to:

ECF Counsel

James C. Anderson
No. 0468236
P.O. Box 129
Windsor, N.C. 27983