UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO. 08-0298 (RCL)

RECEIVED
JUL 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES CHRISTOPHER ANDERSON
            PLAINTIFF

V.

UNITED STATES OF AMERICA ET..AL
            DEFENDANT(S)

MOTION: TO DENY DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT-PURSUANT TO F.R.C.P.

—REQUEST FOR RELIEF—

PLAINTIFF ON BEHALF OF HIMSELF AND HIS CLASS DOES HEREBY REQUEST THAT THIS COURT DENY DEFENDANTS' DISMISSAL REQUEST AND FURTHER PROCESS HIS COLORABLE CLASS-ACTION COMPLAINT, THIS 15TH DAY OF JULY 2008.

—SUPPORTING FACTS AND ARGUMENT—

PRO-SE PLAINTIFF AND HIS CLASS IS COMPLAINING OF DEFENDANTS' CONSPIRACY TO VIOLATE THEIR CIVIL RIGHTS BY APPROVAL OF LEXA-PRO FOR DEPRESSION REMEDY WHEN ITS WARNING LABEL DID NOT INCLUDE PRODUCT'S POTENTIONAL SIDE EFFECTS.

PURSUANT TO INDEPENDANT STUDY PLAINTIFF DISCOVERED RELATIONS BETWEEN LEXA-PRO TREATMENT AND UNCONTROLLABLE RAGES, SUICIDE, MULTIPLE MURDER AND EVEN SNIPER ACTIVITY.

P.(1)

IF PLAINTIFF HAD BEEN NOTIFIED OF ABOVE POSSIBILITIES HE WOULD NEVER HAVE FILLED LEXA-PRO PRESCRPTION AND WOULD HAVE SOUGHT A SAFE ALTERNATIVE.

DEFENDANTS' ACTIONS ARE IN VIOLATION OF THE 5TH, 8TH AND 14TH AMD. OF U.S.C. AND CLASS IS ENTITLED TO THE REQUESTED RELIEF.

SAMERIC CORP. OF DEL., INC. V. CITY OF PHILADELPHIA, 142 F.3D 582, 590 (3RD CIR. 1998)(SUBSTANTIVE DUE PROCESS CLAIM REQUIRES PLAINTIFF TO PROVE DEPRIVATION OF A PROTECTED INTEREST BY ARBITRARY GOVERMENT ACTION).

ARCE V. WALKER, 139 F.3D 329, 334 (2ND CIR. 1998)(STATE STATUTE AND REGULATIONS MAY CONFER LIBERTY INTERESTS THAT INVOKE DUE PROCESS PROTECTION);

PLAINTIFF HAS NOT FAILED TO STATE CLAIM AND DOES REQUEST COURT'S DENIAL OF DEFENDANTS' DISMISSAL REQUEST.        -28 U.S.C. §1746-

PLAINTIFF SWEARS UNDER PENALTY OF PERJURY ABOVE DATA IS TRUE AND CORRECT JULY 15, 2008.

PLAINTIFF
JAMES C. ANDERSON
#0468236
P.O. BOX 129
WINDSOR N.C.
27983

SIGNED x James C Anderson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CASE NO. 08-0298(RCL)

JAMES CHRISTOPHER ANDERSON
PLAINTIFF

V.

UNITED STATES OF AMERICA ET. AL
DEPENDANT(S)

MEMORANDUM BRIEF IN SUPPORT OF REQUEST
MOTION: TO DENY DEFENDANT(S)' MOTION TO DISMISS- F.R.C.P.

—SUPPORTING FACTS—

PLAINTIFF AFTER TAKING PRESCRIBED DOSED OF LEXA-PRO FOR SEVERAL WEEK PERIOD DID EXPERIENCE AN UNCONTROLLABLE RAGE WHICH RESULTED IN AN EIGHT IN ONE WEEK ARMED ROBBERY SPREE.

DEFENDANTS' FAILED TO INCLUDE ANY LANGUAGE ON PRODUCT'S LABEL SUFFICIENT TO INFORM CLASS OF THE POSSIBLE SIDE EFFECTS NECESSARY TO MAKE AN INTELLIGENT CHOICE OF DEPRESSION REMEDIES FROM THE CONSUMER MARKET.

IF PLAINTIFF HAD BEEN FAIRLY INFORMED OF POSSIBLE SIDE EFFECTS HE WOULD NEVER RISKED HIS FREEDOM AND JEOPARDIZED THE PUBLIC'S SAFETY BY INGESTING DOSES OF LEXA-PRO.

Plaintiff argues there are safe depression remedies on the market.

Plaintiff and his class were used by defendants to test their product.

Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998) (deliberate indifference claim stated, because doctor treated inmate with experimental drug while unconscious; issue turned on whether doctor's intent was to cure inmate or treat him as human rat).

Plaintiff did send right to sue letter to defendants' attorney and U.S. Attorney General failed to respond to notice.

Wyatt v. Leonard, 93 F.3d 876, 878 (6th Cir. 1999)(exhaustion requirement fulfilled by informally written complaints because prison officials were aware of prisoner's situation).

Defendant Lexa-Pro was acting under color of federal law when it conspired with government entity F.D.A. to deny class notice of side-effects of product, in violation of the 5th, 8th and 14th Amd. of U.S.C.

P.(2)

ABBOTT V. LATSHAW, 164 F.3D 141, 147-48 (3RD CIR. 1998) (PRIVATE PARTY WHO CONSPIRES WITH STATE ACTORS TO DEPRIVE ANOTHER OF THEIR CONSTITUTIONAL RIGHTS ACTS UNDER COLOR OF STATE LAW).

### PLAINTIFF'S COMPLAINT STATES CLAIM UNDER 42 U.S.C. §1983

DEFENDANT F.D.A. IS ACTOR UNDER FEDERAL LAW. F.D.A. DID CONSPIRE WITH PRIVATE PARTY LEXA-PRO TO APPROVE PRODUCT FOR SALE ON MARKET ABSENT AN ADEQUATE WARNING LABEL VIOLATING CLASS'S 5TH, 8TH AND 14TH AMENDMENT RIGHTS AND CLASS IS ENTITLED TO RELIEF.

TONKOVICH V. KANSAS BD. OF REGENTS, 159 F.3D 504, 519 (10TH CIR. 1998)(PLAINTIFF NEED NOT SEEK JUDICIAL REVIEW IN STATE COURT BEFORE FILING §1983 CLAIM).

### -28 U.S.C. §§ 1746-

PLAINTIFF UNDER PENALTY OF PERJURY SWEARS ABOVE DATA IS TRUE AND CORRECT JULY 15, 2008.

## – CERTIFICATE OF SERVICE –

PLAINTIFF SENT COPY OF BRIEF TO DEFENDANT ATTORNEY ON JULY 15, 2008 BY U.S. MAIL.

JEFFREY TAYLOR
CHRISTOPHER HARDWOOD
RUDOLPH CONTRERAS
555 FOURTH ST. N.W.
WASHINGTON D.C.
　　　20530

PRO-SE PLAINTIFF
JAMES C. ANDERSON
#0468236
P.O. BOX 129
WINDSOR N.C.
　　　27983

SIGNED X James C Anderson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CHRISTOPHER ANDERSON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA *et al.*,  )<br>)<br>Defendants.  ) | Civil Action No. 08-0298 (RCL) |

ORDER

The federal defendants have filed a motion to dismiss, which may be treated as a motion for summary judgment. Plaintiff is representing himself.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456

P.(5)

(quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Under Rule 56(e) of the Federal Rules of Civil Procedure,

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). Thus, a party, such as the plaintiff, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint may serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

In accordance, this Court wishes to advise plaintiff that he must respond to the federal defendants' previously filed motion **within fourteen (14) days of the filing date of this Order**. If plaintiff does not respond, the Court will treat the motion as conceded and may dismiss the complaint against the movants and, if the circumstances warrant, the case in its entirety.

SO ORDERED.

_____s/_____
Royce C. Lamberth
United States District Judge

Date: July 9, 2008

P.(6)