UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES CHRISTOPHER ANDERSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action 08-0298 (RCL) |
| UNITED STATES OF AMERICA, <u>et al.</u>, | ) ) ) | |
| Defendants. | ) ) | |

## THE FEDERAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## THEIR MOTION TO DISMISS

Plaintiff James Christopher Anderson (the "Plaintiff"), a prisoner appearing <u>pro se</u>, has brought this lawsuit pursuant to 42 U.S.C. § 1983 against the United States, George W. Bush ("President Bush"), the United States Food and Drug Administration (the "FDA") and the Secretary of the FDA (collectively, the "Federal Defendants")[1] to recover $100,000,000 for injuries that he allegedly sustained as a result of taking the prescription drug Lexapro. (Compl. 1-4.) Plaintiff's § 1983 claim is premised upon his (conclusory) assertions that the Federal Defendants engaged in a conspiracy pursuant to which the FDA approved Lexapro for public use with an inadequate warning label. (<u>Id.</u> at 3.)

In their opening brief, the Federal Defendants explained that Plaintiff has failed to state a viable claim under § 1983 because, at bottom, he is challenging the conduct of federal officials acting under the color of <u>federal law</u>, and § 1983 authorizes suit only for actions taken under the

---

[1] Plaintiff has also named as defendants an "unknown pharmaceutical manufacturer" and the chief executive officer of the "unknown pharmaceutical manufacturer." (Compl. at 2.) As the Federal Defendants stated in their opening brief, it does not appear that either "unknown" defendant has been served with the Complaint in this action. (Defs.' Mem. at 1 n.1.) In any event, the two "unknown" defendants are non-governmental and, thus, are not represented by the undersigned counsel.

color of local law.  (See Defs.' Mem. at 4-5.)  In any event, § 1983 does not apply to the actions of the federal government or its officials; it applies only to the actions of local officials.  See, e.g., Keller v. Embassy of the U.S., 522 F. Supp. 2d 213, 217-18 (D.D.C. 2007) ("There [is] no possible way for [the plaintiff] to advance a § 1983 claim against federal officers and employees . . . ."); Garcia v. Thornburgh, No. 90-2619, 1991 WL 262150, at *4 (D.D.C. Nov. 27, 1991) ("§ 1983 does not apply to actions of the United States").  Thus, the § 1983 claim that Plaintiff has asserted against the Federal Defendants should be dismissed.

The Federal Defendants further explained in their opening brief that even if Plaintiff's Complaint were construed as asserting claims arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),[2] the Federal Food, Drug and Cosmetic Act (the "FDCA"),[3] and/or the Federal Tort Claims Act (the "FTCA"), it would still fail to state a viable claim for relief.  That is because:

- Any Bivens claims asserted against the individual Federal Defendants (President Bush and the Secretary of the FDA) would fail because Plaintiff's Complaint does not allege facts showing that either individual Federal Defendant personally participated in the alleged misconduct that forms the basis of this lawsuit—the FDA's alleged approval of Lexapro for public use with an inadequate warning label.[4]  (See Defs.'

---

[2] A Bivens claim is the federal analog to a claim brought against a state official under § 1983.  Marshall v. Federal Bureau of Prisons, 518 F. Supp. 2d 190, 193 (D.D.C. 2007).

[3] The FDCA regulates, inter alia, the approval of new drugs for sale within the United States, and prohibits false or misleading labeling.  See 21 U.S.C. §§ 331(a)-(d), 352(a), 355(a), (d).

[4] Any Bivens claim brought against President Bush and the Secretary of the FDA would also fail because they would be immune from any such claim.  President Bush would be absolutely immune from any lawsuit arising out of his purported participation in the FDA's alleged approval of Lexapro for public use.  See Nixon v. Fitzgerald, 457 U.S. 731, 756 (1982) (recognizing an "absolute Presidential immunity from damages liability for acts within the 'outer perimeter' of his official responsibility").  And, the Secretary of the FDA would enjoy qualified immunity from any such lawsuit.  A government official (like the Secretary of the FDA) enjoys qualified immunity from suit so long as his challenged "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Here, there are no facts pleaded in the Complaint that suggest that the Secretary of the FDA acted inappropriately in connection with

    Mem. at 5-6.)[5]  And, the other Federal Defendants, the FDA and the United States, are not subject to liability under Bivens.  (See id. at 6 n.8.)

- Any FDCA claim would fail because the FDCA does not confer a private right of action to enforce its provisions.  (See id. at 6-7.)

- And, any FTCA claim would fail because Plaintiff has not exhausted his administrative remedies under that statute.[6]  (See id. at 7-8.)

In his response to the Federal Defendants' motion to dismiss, Plaintiff:  (1) reiterates his allegations that the Federal Defendants engaged in a conspiracy pursuant to which Lexapro was approved for public use with an inadequate warning label; and (2) asserts that the Federal Defendants are therefore liable to him for money damages under § 1983 and for violating his constitutional rights.  (See, Pl.'s Mem. at 1-2, 5; see also Compl. at 4 (stating that Plaintiff is seeking his "court cost[s] and attorney fees" and "$100,000,000 dollars [in] punitive damages").)  For the following reasons, Plaintiff's position is without merit:

- First, as the Federal Defendants explained in their opening brief, any conspiracy-based claim involving the Federal Defendants necessarily fails because Plaintiff has not pleaded any facts that support the essential element of a conspiracy-based claim—the existence of an actual agreement between two or more persons to commit an unlawful act.  (See Defs.' Mem. at 4 n.5.)

- Second, for the reasons stated in the Federal Defendants' opening brief and above, any claim brought against the Federal Defendants pursuant to § 1983 is properly dismissed.

---

the FDA's alleged approval of Lexapro, much less that he acted in a way that violated a clearly established statutory or constitutional right of which a reasonable person would have been aware.

    [5] In addition, as stated in the Federal Defendants' opening brief, it does not appear from the Court's electronic docket that either individual Federal Defendant was served with the Complaint in this action in his individual capacity.  (See Defs.' Mem. at 6 n.7.)  A failure to so serve the individual Federal Defendants would be fatal to any Bivens claim asserted against them.  (See id.)

    [6] Moreover, any claim that Plaintiff may have intended to assert under the Administrative Procedure Act ("APA") would fail because Plaintiff is seeking only money damages in connection with the instant lawsuit.  See Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) ("The APA's waiver of sovereign immunity . . . does not apply to suits for money damages.").  (See also Compl. at 4 (making clear that Plaintiff is seeking only money damages in connection with this action).)

- Third, any claim for money damages against the United States, the FDA or the individual Federal Defendants in their official capacity based on an alleged violation of Plaintiff's constitutional rights is barred by the doctrine of sovereign immunity. See Keller, 522 F. Supp. 2d at 220 ("A lawsuit against a federal employee in his official capacity constitutes a lawsuit against the United States. . . . [T]he United States . . . has not waived immunity for constitutional tort claims and therefore such claims are not actionable against the federal government."); Nellis v. Gonzales, No. 06-1704, 2007 WL 1033517, at *2 (D.D.C. Mar. 30, 2007) ("[T]he United States has not waived sovereign immunity with respect to actions for damages based on violations of constitutional rights by federal officials, regardless of whether such actions are brought against the United States directly or against the officials in their official capacity.").

- And, finally, any claim for money damages against the individual Federal Defendants in their individual capacity based on an alleged violation of Plaintiff's constitutional rights is a Bivens claim that fails for the reasons stated in the Federal Defendants' opening brief and above.

## CONCLUSION

For the reasons stated above, this Court should grant the Federal Defendants' Motion to Dismiss.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

James C. Anderson
No. 0468236
P.O. Box 129
Windsor, N.C. 27983

                                           /s/
                                    Christopher B. Harwood