UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES CHRISTOPHER ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-0298 (RCL) |
| UNITED STATES OF AMERICA *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

In this action brought *pro se*, a federal prisoner sues the United States and others for approving "for human consumption Lexa-Pro anti-depressant drug [without] fairly warn[ing] consumers of [the] drug's potential side effects." Compl. at 3. Plaintiff claims that after taking the drug, he went on "a violent uncontrollable rage resulting in an eight in one-week [sic] armed robbery spree" from May 29, 2006 to June 8, 2006. *Id.* In addition to the United States, plaintiff names as defendants President George W. Bush, the Food and Drug Administration ("FDA"), the Secretary of the FDA, and an "unknown pharmaceutical manufacturer" and its "unknown . . . C.E.O." Compl. Caption. He seeks $100 million in punitive damages. The federal defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions, the Court will grant the movants' motion but will dismiss the complaint in its entirety for want of subject matter jurisdiction.[1]

---

[1] *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "[i]f the court determines at any time that it lacks subject-matter jurisdiction").

Defendants argue that plaintiff has failed to state a claim upon which relief may be granted under three separate causes of action, *see* Def.'s Mem. of P. & A. at 2, but the disposition of this case rests on just one of those causes. Because the complaint is brought against the named individual defendants in their official capacity only, it is in effect against the United States, and a claim for monetary damages against the United States based on personal injury must be pursued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*[2]

Defendants seek dismissal of plaintiff's FTCA claim on the ground that he failed to exhaust his administrative remedies. An FTCA claim is maintainable only after the plaintiff has exhausted his administrative remedies by "first present[ing] the claim to the *appropriate* Federal agency" and having the claim "finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphasis added). The exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996).

In support of their motion, defendants have proffered the Declaration of Daretia M. Hawkins, who is a staff attorney in the Department of Health and Human Services' Office of General Counsel ("OGC") responsible for evaluating administrative tort claims submitted to HHS, of which FDA is a division. Hawkins Decl. ¶¶ 1, 5. Ms. Hawkins states that neither HHS nor FDA has a record of receiving a claim from plaintiff, and OGC "has not received a tort claim

---

[2] Plaintiff has not amended the complaint to identify the two private defendants. Because the case will be dismissed without prejudice, he is free to file a new complaint upon obtaining their identities and addresses where they may be properly served with process. *See* Local Civil Rule 5.1(e) (requiring a party "filing *pro se in forma pauperis* [to] provide in the caption the name and full residence address or official address of each party").

that Plaintiff may have inadvertently filed with another Federal agency." *Id*. ¶¶ 4-5.  Although plaintiff alleges that he sent a "right to sue letter" on September 16, 2007, to which defendants "failed to respond," Compl at 2, he has not produced a copy of the letter or stated to where the letter was mailed.

In the absence of any proof that plaintiff properly exhausted his administrative remedies under the FTCA, the Court is deprived of subject matter jurisdiction.  It therefore has no choice but to dismiss the case.  *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").  A separate Order accompanies this Memorandum Opinion.

_____s/_____
Royce C. Lamberth, Chief Judge
United States District Court

Date: September 16, 2008